### In the Matter of Kenneth R. WATSON

### No. 86S00–9904–DI–208.

Supreme Court of Indiana.

Nov. 13, 2001.

### *ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

The hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Amended Verified Complaint for Disciplinary Action* in this matter has submitted his report to this Court. Upon review of that report, we find that the findings contained therein should be adopted and that the respondent engaged in attorney misconduct. Specifically, we now find as follows:

**Facts:** Under Count I of the verified complaint, we find that a client hired the respondent to represent him in connection with a petition for post-conviction relief. The respondent thereafter failed to take meaningful action on the case, and, after the client terminated his services, failed to refund to the client any unearned fees. In Counts II–XIII, we find that the respondent served as attorney and/or fiduciary on several estates, guardianships, and conser-

vatorships. In these cases, the respondent consistently failed to file statutorily required or court-ordered inventories, accountings, reports, or other required papers, and otherwise failed to expedite the cases consistent with the interests of his clients. In one instance, the respondent took a fee of $3,100 without court approval.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. He violated Prof.Cond.R. 1.4(a), which requires a lawyer to keep clients reasonably informed about the status of their legal matters and promptly to respond to their reasonable requests for information. He violated Prof.Cond.R. 1.4(b), which requires a lawyer to explain matters to a client to the extent reasonably necessary to permit a client to make informed decisions regarding a representation. He violated Prof.Cond.R. 1.5(a), which requires a lawyer's fee to be reasonable. He violated Prof.Cond.R. 1.16(d), which requires a lawyer, to the extent reasonably practicable, to protect a client's interests upon termination of representation. He violated Prof.Cond.R. 3.2, which requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of his client. He violated Prof.Cond.R. 3.4(c) by knowingly disobeying an obligation of a tribunal. He violated Prof.Cond.R. 8.4(c) by engaging in conduct that was prejudicial to the administration of justice.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer that six (6) months, effective December 15, 2001, at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this pro-

ceeding are assessed against the respondent.

All Justices concur.